IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADONIS ROBINSON and TAMESHA ROBINSON, | § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:13-CV-869-L-BK** |
| BANK OF AMERICA, N.A., | § § | |
| Defendant. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendations on Defendant's *Motion to Dismiss* (Doc. 13). For the reasons that follow, it is recommended that the motion be **GRANTED**.

BACKGROUND

On February 7, 2013, Plaintiffs brought this case in state court against Defendant, the loan servicer of their mortgage, in connection with the foreclosure of the real property and improvements located at 1379 Saltillo Street, Grand Prairie, Texas. [Doc. 1-1]. Defendant timely removed the action to this Court on the basis of diversity jurisdiction. [Doc. 1]. Plaintiffs allege in their First Amended Complaint, filed March 25, 2013, that they purchased the property around December 2005, and "executed a Note with Countrywide Home Loans, Inc. ("Countrywide") for the principal sum of … $163, 898.00." [Doc. 12 at 1-2]. Under the Deed of Trust, Countrywide was the Lender, Mortgage Electronic Registration Systems, Inc. ("MERS") was the Beneficiary, and G. Tommy Bastian was the Trustee. *Id.* at 2.

1

Subsequently, the Note and Deed of Trust were transferred to Defendant. *Id.* Due to their financial difficulties, Plaintiffs began debt-restructuring negotiations with Defendant to modify the terms and conditions of the Note. *Id.* Defendant offered Plaintiffs a loan modification to which Plaintiffs agreed and submitted their financial documents as requested by Defendant. *Id.* According to Plaintiffs, Defendant's representatives informed them that they were prohibited from making any mortgage payments while in loan modification status. *Id.* Plaintiffs also claim that Defendant's representatives told them to ignore any foreclosure notices received during the loan modification period. *Id.* Plaintiffs aver that they waited for "confirmation of their loan modification and thought that the discrepancy had been resolved until they were served with a Suit to Evict" filed by Defendant. *Id.*

Plaintiffs allege that Defendant, in violation of the parties' agreement and without proper notice, wrongfully foreclosed on their property. *Id.* at 2-3. Plaintiffs also allege that Defendant "wrongfully attempted to enter upon and dispossess Plaintiffs of their property in order to evict them during the process leading up to and when filing [Defendant's] Suit to Evict." *Id.* at 3. Plaintiffs assert causes of action for (1) trespass to try title, (2) breach of contract; and (3) common law fraud, and they seek actual and exemplary damages and attorney's fees. *Id.* at 3-5. Defendant has moved to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure for failure to state a claim. [Doc. 13-15].

**APPLICABLE LAW**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery … or

contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).  Moreover, the complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity because the district court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000) (quotation omitted).  Simply put, the standard set out in Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 129 S.Ct. at 1949.  A complaint thus is not sufficient if it merely contains "naked assertions" devoid of factual enhancement.  *Id.*  In ruling on a motion to dismiss, the Court must accept all factual allegations in the complaint as true.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007).

## ANALYSIS

### A. Trespass to Try Title

Plaintiffs allege in their *First Amended Complaint*:

Robinson[1] is "entitled to a cause of action against BOA for trespass to try title because:

    A. Robinson has physical possession of the Property;
    B. Robinson owned or possessed the Property at the time of the injury;
    C. BOA physically, intentionally, and voluntarily entered Robinson's Property; and
    D. BOA's trespass caused an injury to Robinson's right of possession.

[Doc. 12 at 3].  In the motion *sub judice*, Defendant argues that because Plaintiffs cannot demonstrate superior title, their trespass to try title claim fails.  [Doc. 14 at 8].  Defendant asserts that "Plaintiffs admit in their Amended Complaint that they executed a Deed of Trust on the

---

[1] Plaintiffs refer to themselves in the singular throughout their complaint.

property which gave the mortgagee the right to foreclose upon default, and that Plaintiffs were in default at the time of the foreclosure"; and further argues that Plaintiffs have failed "to set forth any specific factual allegations as to Defendant's conduct." *Id.* Plaintiffs counter that they have pled "facts and prove title by prior possession coupled with proof that possession was not abandoned," namely, that they still occupy the property. [Doc. 16 at 3].

A trespass to try title action is the exclusive remedy for parties to resolve competing claims to real property. *See* Tex. Prop. Code § 22.001. To prevail on a trespass to try title claim, a party must: (1) prove a regular chain of conveyances from the sovereign; (2) establish superior title out of a common source; (3) prove title by limitations; or (4) prove title by prior possession coupled with proof that possession was not abandoned. TEX. PROP. CODE § 22.001 (2000); *Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 816 (N.D. Tex. 2012) (McBryde, J.); *see also Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004).

Plaintiffs aver under the fourth prong that they "owned or possessed the Property at the time of the injury" and that they still have "physical possession of the Property." (Doc. 12 at 3). However, because Plaintiffs have not alleged that they have been dispossessed of the property by Defendant, they cannot state a claim for recovery in a trespass to try title action under Texas Property Code Section 22.001. "In general, the action of trespass to try title suit is in its nature a suit to <u>recover the possession</u> of land unlawfully withheld from the owner and to which he has the right of immediate possession." *Rocha v. Campos*, 574 S.W.2d 233, 236 (Tex.App.--Corpus Christi 1978) (emphasis added); *see also* TX RULES OF CIVIL PROCEDURE, Rule 783 (requiring that a petition in a trespass to try title action must include allegations that "the plaintiff was in possession of the premises or entitled to such possession" and that "the defendant afterward unlawfully entered upon and dispossessed him of such premises, stating the date, and withholds

from him the possession thereof"). This Court has previously held in an action involving the foreclosure of real property that a plaintiff's trespass to try title claim was subject to dismissal under Rule 12(b)(6) where she failed to allege that she lost possession of the property to the defendant. *Hurd v. BAC Home Loans Servicing*, LP, 880 F. Supp.2d 747, 767 (N.D.Tex. 2012) (Ramirez, M.J.) (order accepting findings, conclusions and recommendation) (Lynn, J). In *Hurd*, the plaintiff alleged that a forcible entry and detainer action was filed against her, but subsequently dismissed. *Id*.

Here, Plaintiffs' allegation that Defendant "wrongfully attempted to enter upon and dispossess them of their Property in order to evict them during the process leading up to and when filing its Suit to Evict" fares no better. (Doc. 12 at 3). Moreover, Plaintiffs' trespass to try title claim is not salvaged by their allegations of defects in Defendant's foreclosure procedures as success on a trespass to try title claim requires a plaintiff to prove the strength of his title, and not merely rely on weaknesses of the defendant's title. *Richardson*, 873 F. Supp. 2d at 816; *Rocha*, 574 S.W.2d at 236.

Accordingly, Defendant's motion to dismiss Plaintiffs' trespass to try title claim under Rule 12(b)(6) for failure to state a claim should be **GRANTED**.

**B.     Breach of Contract**

In their *First Amended Complaint*, Plaintiffs allege:

The actions committed by Defendant constitute a breach of contract because:

      A.  There exists a valid, enforceable contract between Robinson and BOA;
      B.  Robinson has standing to sue for breach of contract;
      C.  Robinson performed, tendered performance, or was excused from performing their contractual obligations;
      D.  BOA breached the contract; and
      E.  The breach of contract by BOA caused Robinson's injury.

[Doc. 12 at 3]. Plaintiffs do not specify how Defendant allegedly breached the contract and only generally reference the section of their complaint titled "Relevant Facts." *Id.*

Defendant contends that any breach of contract claim arising out of an alleged loan modification agreement is barred by the statute of frauds because it was not a written agreement.[2] (*Id.* at 5-6). Plaintiffs agree "that the statute of frauds would bar any claim that [Defendant's] representatives' oral statement modified the Note and Deed of Trust." [Doc. 16 at 1]. Plaintiffs assert, however, that their claims stem from the alleged inducement by Defendant's "representatives… to default on their mortgage." *Id.* Plaintiffs argue that they "are not strictly seeking to enforce the oral agreement to modify the loan," but contend instead that Defendant is estopped from claiming that Plaintiffs have defaulted since Defendant's representatives induced such default. *Id.* Plaintiffs aver that they were not in default when Defendant's representatives informed them not to make any mortgage payments, and declare that a ruling in Defendant's favor would be inequitable and unjust. *Id.* at 2-3.

Under Texas law, to plead a claim for breach of contract, a plaintiff must allege: (1) the existence of a valid contract; (2) that he performed or tendered performance under the contract; (3) that the defendant breached the contract; and (4) that the plaintiff sustained damages as a result of the breach. *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003). Plaintiffs have not done so here. Instead of affirmatively asserting that Defendant has breached the parties' contract (presumably the Deed of Trust), Plaintiffs argue that they

---

[2] Defendant also argues that Plaintiffs' allegations that Defendant failed to provide them with the proper notice of the foreclosure sale are insufficient to sustain a cause of action for breach of contract. (Doc. 14 at 3- 5). However, Plaintiffs have not suggested that they ever intended to allege breach of contract based on Defendant's failure to give proper notice of the foreclosure sale. In fact, their response is silent as to such a claim; thus, the Court concludes they have not asserted it.

6

(Plaintiffs) have not breached the contract. Thus, they have failed to meet the basic pleading requirements for a breach of contract claim.

Moreover, Plaintiff's reliance on the holding of the District Court for the Western District of Texas in *Montalvo v. Bank or America Corp*. [Doc. 16 at 1-2] to avoid the statute of fraud's prohibition against oral contract modifications is misplaced.[3] In *Montalvo*, the plaintiff alleged that BAC Home Loans Servicing, "represented to Plaintiff that she should make three consecutive monthly payments of $1,091.00, and in turn, the payments would and could postpone any pending foreclosure." *Montalvo v. Bank of America Corp*. 864 F.Supp.2d 567, 570 (W.D.Tex. 2012). There, the District Court for the Western District of Texas held that "promissory or equitable estoppel does not overcome the statute of frauds defense." *Id*. (emphasis added). *See also Martins v. BAC Home Loans Servicing, L.P.*, ––– F.3d –––, 2013 WL 3213633, at *5 (5th Cir. June 26, 2013) ( "Promissory estoppel may overcome the statute-of-frauds requirement in Texas, but 'there must have been a promise to sign a written contract which had been prepared and which would satisfy the requirements of the statute of frauds'"); *Milton v. U.S. Bank Nat.'l Ass'n*, No. 12-40742, 2013 WL 264561 (5th Cir. Jan. 18, 2013) (because there was no written agreement to delay foreclosure while loan modification application was being processed, plaintiff's breach of contract claim was barred by the statute of frauds).

---

[3] The statute of frauds provides that "[a] loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." Further, lenders are required to give notice to debtors that the "written loan agreement represents the final agreement between the parties and may not be contradicted by evidence of prior, contemporaneous, or subsequent oral agreements of the parties." TEX. BUS. & COM. CODE ANN. § 26.02(e).

In this case, Plaintiffs' breach of contract claims are based on their reliance on Defendant's representatives' oral instructions not to make mortgage payments while their loan modification application was pending, which, taken as true, is nonetheless an oral modification of the Note and Deed of Trust prohibited by the Texas statute of frauds. Thus, Defendant's motion to dismiss Plaintiffs' breach of contract claim should be **GRANTED**.

**C.    Common Law Fraud**

In their amended complaint, Plaintiffs allege:

> The actions committed by BOA constitute common law fraud because BOA made false and material representations to Robinson when informing Robinson that they were not allowed to make any mortgage payments while in loan modification status. Moreover, BOA's representative informed them that they would not take any action to foreclose on their Property while in loan modification status. BOA knew that the representations were false or made these representations recklessly, as a positive assertion, and without knowledge of its truth. In addition, BOA made these representations with the intent that Robinson act on them and Robinson relied on these representations which caused Robinson's injury.

[Doc. 12 at 4]. Defendant argues that "Plaintiffs' tort claim for common law fraud is barred by the economic loss rule." [Doc. 14 at 8]. In response, Plaintiffs argue that the economic loss rule is inapplicable to their fraud claim because they have "alleged an independent injury outside the economic losses caused by [Defendant's] breach of contract since the fraud cause of action is plead [sic] in the alternative." [Doc. 16 at 4]. Plaintiffs' argument misses the point.

Under Texas law, the economic loss rule precludes recovery in tort when the loss complained of is the subject matter of a contract between the parties. *See Southwestern Bell Tele. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991). Stated differently, a claim in tort will not lie when the only injury alleged is for economic damages that are caused by the failure to perform a contract. *Sterling Chems, Inc. v. Texaco, Inc.*, 259 S.W.3d 793, 796–98 (Tex.App.—Hous. [1st Dist.] 2007). Nevertheless, if the defendant's conduct would give rise to liability

8

independent of the fact that a contract exists between the parties, the plaintiff may bring a tort claim in addition to a claim for breach of contract. The economic loss rule applies to real estate transactions. *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986).

To determine whether a plaintiff may recover damages based on a tort theory, courts look at the nature of the plaintiff's loss. *Sterling Chems*, 259 S.W.3d at 796–98. In *Montgomery Ward & Co. v. Scharrenbeck,* 204 S.W.2d 508, 510–511 (Tex. 1947), the Texas Supreme Court found that the plaintiff had a cause of action in contract, due to an implied duty of the defendant to make the repairs properly, <u>as well as in negligence</u>, because the defendant also had a duty to use reasonable diligence in making the repairs so as not to injure the plaintiff's property. The court distinguished that situation from a case in which the defendant improperly repaired the plaintiff's water heater, causing the plaintiff's house to burn down. *Id*. (discussing. *Scharrenbeck*, 204 S.W.2d at 510). Moreover, in *Century Surety Co. v. Hardscape Const. Specialties, Inc*., 578 F.3d 262, 270 (5th Cir. 2009), the Fifth Circuit Court of Appeals noted that while the plaintiff's cause of action for faulty pool and deck construction sounded solely in contract, if the plaintiff had alleged that the faulty construction separately damaged its business interests or adjacent property, it might have had a tort cause of action as well.

Here, the only rights at issue under Plaintiffs' common law fraud claim, and for that matter this suit, are those conveyed by the parties' contracts, to-wit: the Note and Deed of Trust. Plaintiffs only seek redress for the foreclosure of their property. Moreover, Defendant's alleged conduct does not give rise to liability independent of the fact that these contracts exist between the parties. Indeed, Plaintiffs assert that they remain in possession of the property and have not specified any damages. Therefore, Plaintiffs' claim of common law fraud should be dismissed for failure to state a cognizable claim.

**CONCLUSION**

Defendant's *Motion to Dismiss* (Doc. 13) should be **GRANTED**, and this case should be dismissed with prejudice.

**SO RECOMMENDED**, September 11, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE