IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ADONIS ROBINSON AND** | § | |
| **TAMESHA ROBINSON,** | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. **3:13-CV-869-L** |
| | § | |
| **BANK OF AMERICA, N.A.,** | § | |
| | § | |
| Defendant. | § | |

## <u>ORDER</u>

Before the court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 13), filed April 8, 2013. The motion was referred to Magistrate Judge Renee Harris Toliver, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on September 11, 2013, recommending that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) be granted and that all of Plaintiffs' claims be dismissed with prejudice. Plaintiffs filed objections to the magistrate judge's recommendation regarding their contract and fraud claims, and Defendant responded to Plaintiffs' objections.

After reviewing the pleadings, file, record in this case, motion to dismiss and related submissions, Report, objections, and response to the objections, the court **accepts** the findings and conclusions regarding Plaintiffs' trespass to try title claim and **rejects** the findings and conclusions regarding Plaintiffs' oral contract and fraud claims. Accordingly, the court **grants in part and denies in part** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 13). Specifically, the court **grants** Defendant's

Motion to Dismiss with respect to Plaintiffs' trespass to try title claim and **dismisses with prejudice** this claim.  The court **denies** Defendant's Motion to Dismiss with respect to Plaintiffs' oral contract and fraud claims.

## I.      The Report and Plaintiffs' Objections

### A.      Trespass to Try Title Claim

The magistrate judge recommended that Plaintiffs' trespass to try title claim be dismissed with prejudice.  As noted above, Plaintiffs objected to the magistrate judge's recommendation regarding their contract and fraud claims, but they did not assert objections in support of their trespass to try title claim.  The court therefore **accepts** the findings and conclusions regarding Plaintiffs' trespass to try title claim.  Accordingly, the court will grant Defendant's Motion to Dismiss with respect to Plaintiffs' trespass to try title claim and dismiss with prejudice the claim.

### B.      Contract Claim

In its Motion to Dismiss, Defendant contends that Plaintiffs' contract claim is barred by the statute of frauds, as codified in section 26.02 of the Texas Business and Commerce Code.  The magistrate judge agreed and recommended that Plaintiffs' oral contract claim be dismissed with prejudice as barred by the statute of frauds.  In their response to Defendant's Motion to Dismiss and objections to the Report, Plaintiffs contend that their oral contract as to the loan modification falls within the estoppel exception to the statute of frauds because Defendant represented that it would not take any action to foreclose on their property during the loan modification process. In response to Plaintiffs' objections, Defendant contends that Plaintiffs' response to the Motion to Dismiss does not contain any reference to the alleged agreement not to foreclose on the property during the loan

modification process.  Defendant therefore contends that it did not have fair notice that this allegation was a critical component of Plaintiffs' contract and fraud claims.

Plaintiffs clearly allege in their Amended Complaint that Defendants' "representatives informed them that they would not take any action to foreclose on their Property while in loan modification status."  Pl.'s Compl. 2, ¶ 9.  This allegation is sufficient to put Defendant on notice regarding the basis of Plaintiffs' claims.  Accordingly, Defendant's contention in this regard is without merit.

Section 26.02 of the Texas Business and Commerce Code requires loan agreements that exceed $50,000 to be in writing and signed by the party to be bound, or the party's representative, to be enforceable. Tex. Bus. & Comm. Code § 26.02(a)-(b). Section 26.02 further states that the parties' rights and obligations will be determined solely from such written agreement, which "may not be varied by any oral agreements or discussions that occur before or contemporaneously with the execution of the agreement." *Id.* at § 26.02(c)-(d). As a result, an oral modification to a loan agreement under section 26.02 is unenforceable and barred by the statute of frauds unless the oral modification does not materially alter the parties' obligations under the original written loan agreement. *Horner v. Bourland*, 724 F.2d 1142, 1148 (5th Cir. 1984).

Section 26.02 defines "loan agreement" to mean:

one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make a financial accommodation.

Order – Page 3

Tex. Bus. & Comm. Code § 26.02(a)(2).  For subsection 26.02 to apply, a written loan agreement involving more than $50,000 must contain a merger clause that satisfies the requirements set forth in section 26.02(e), which provides:

> (e) In a loan agreement subject to Subsection (b) of this section, the financial institution shall give notice to the debtor or obligor of the provisions of Subsections (b) and (c) of this section. The notice must be in a separate document signed by the debtor or obligor or incorporated into one or more of the documents constituting the loan agreement. The notice must be in type that is boldface, capitalized, underlined, or otherwise set out from surrounding written material so as to be conspicuous. The notice must state substantially the following:
>
> "This written loan agreement represents the final agreement between the parties and may not be contradicted by evidence of prior, contemporaneous, or subsequent oral agreements of the parties.
>
> "There are no unwritten oral agreements between the parties.
>
> _____        _____
>  "Debtor or Obligor                               Financial Institution"

Tex. Bus. & Comm. Code § 26.02(e).  If the notice required by section 26.02(e) is not provided before the loan agreement is executed or the notice is not conspicuous, section 26.02's requirement that the loan agreement be in writing does not apply, "but the validity and enforceability of the loan agreement and the rights and obligations of the parties are not impaired or affected." *Id*. § 26.02(f).

The statute of frauds is an affirmative defense. Fed. R. Civ. P. 8(c)(1). "[W]hen a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate." *Kansa Reinsurance Co., Ltd. v. Congressional Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986) ("Although dismissal under Rule 12(b)(6) is ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings."). For purposes of a Rule 12(b)(6) motion, the

pleadings include the complaint, documents attached to the complaint, as well as "[d]ocuments that a defendant attaches to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (internal quotation marks and citation omitted).  It is not clear here from the face of the pleadings whether notice was provided in accordance with section 26.02(e).   Accordingly, dismissal based on Defendant's statute of frauds defense is not appropriate.  Having determined that dismissal based on Defendant's statute of frauds defense is not appropriate, the court need not consider at this time whether an equitable exception to the statute of frauds, based on promissory estoppel, applies.   The court therefore **rejects** the Report's recommendation that Defendant is entitled to dismissal of Plaintiffs' oral contract claim based on its statute of frauds defense, and the court will deny Defendant's Motion to Dismiss with respect to this claim.

### C.      Fraud Claim

In its Motion to Dismiss, Defendant contends that Plaintiffs' fraud claim is barred by the economic loss rule because the allegations supporting this claim relate to the Note and Deed of Trust. The magistrate judge agreed and recommended that Plaintiffs' fraud claim be dismissed with prejudice.   Plaintiffs object and contend that their fraud claim is based on their reliance on Defendant's representation that Plaintiffs should not make any mortgage payments, and Defendant's representation that foreclosure proceedings would not be commenced during the loan modification process.

The economic loss rule provides that "[w]hen the only loss or damage is to the subject matter of the contract, the plaintiff's action is ordinarily on the contract." *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494-95 (Tex. 1991). In determining whether a tort claim is merely a

repackaged breach of contract claim, a court must consider: (1) whether the claim is for breach of duty created by contract, as opposed to a duty imposed by law; and (2) whether the injury is only the economic loss to the subject of the contract itself. *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors*, 960 S. W.2d 41, 45-47 (Tex. 1998). A party, however, may recover tort damages for a fraudulent inducement claim "irrespective of whether the fraudulent representations are later subsumed in a contract or whether the plaintiff only suffers an economic loss related to the subject matter of the contract." *Id.* at 46.

Here, Plaintiffs' fraud claim does not pertain to the Note and Deed of Trust, but it instead is based on their contention that Defendant made fraudulent representations in connection with a subsequent loan modification. In their Complaint, Plaintiffs allege that they were instructed by Defendant to not make any mortgage payments during the loan modification process and ignore any foreclosure notices because Defendant would not foreclose on their property during the loan modificaiton process. Plaintiffs allege that they therefore continued to await confirmation of their loan modification and thought the discrepancy had been resolved until they were served with notice of an eviction suit filed by Defendant. Because Plaintiffs' fraud claim is in essence a fraudulent inducement claim, it is not barred by the economic loss rule. *See id.* Accordingly, dismissal on this ground is inappropriate. The court therefore **rejects** the Report's recommendation that Defendant is entitled to dismissal of Plaintiffs' fraud claim, and the court will deny Defendant's Motion to Dismiss this claim.

## II.    Conclusion

For the reasons explained, the court **accepts** the findings and conclusions regarding Plaintiffs' trespass to try title claim and **rejects** the findings and conclusions regarding Plaintiffs'

oral contract and fraud claims.   Accordingly, the court **grants in part and denies in part** Defendant's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 13).  Specifically, the court **grants** Defendant's Motion to Dismiss with respect to Plaintiffs' trespass to try title claim and **dismisses with prejudice** this claim.  The court **denies** Defendant's Motion to Dismiss with respect to Plaintiffs' oral contract and fraud claims.

**It is so ordered** this 11th day of March, 2014.

Sam A. Lindsay
United States District Judge