IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**ADONIS ROBINSON** and
**TAMESHA ROBINSON,**
Plaintiffs,

v.                                                                Civil Action No. **3:13-CV-869-L-BK**

**BANK OF AMERICA, N.A.,**
Defendant.

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Judge's *Order of Reference*, Doc. 35, this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendations on Defendant's *Motion for Summary Judgment*, Doc. 24. For the reasons that follow, it is recommended that the motion be **GRANTED**.

### A.  BACKGROUND

On February 7, 2013, Plaintiffs brought this case in state court against Defendant, the loan servicer of their mortgage, in connection with the foreclosure of the real property and improvements located at 1379 Saltillo Street, Grand Prairie, Texas. Doc. 1-1. Defendant timely removed the action to this Court on the basis of diversity jurisdiction. Doc. 1. Plaintiffs allege in their First Amended Complaint that they purchased the property in December 2005, and "executed a Note with Countrywide Home Loans, Inc. for the principal sum of … $163,898.00." Doc. 12 at 1-2. Subsequently, the Note and Deed of Trust were transferred to Defendant. Doc. 12 at 2.

Due to their financial difficulties, Plaintiffs began debt-restructuring negotiations with Defendant to modify the terms and conditions of the Note. Doc. 12 at 2. Plaintiffs allege that Defendant offered them a loan modification to which they agreed and submitted their financial

documents as requested by Defendant. Doc. 12 at 2. According to Plaintiffs, Defendant's representatives informed them that they were prohibited from making any mortgage payments while in loan modification status. Doc. 12 at 2. Plaintiffs also claim that Defendant's representatives told them to ignore any foreclosure notices they received during the loan modification period. Doc. 12 at 2. Plaintiffs aver that they waited for "confirmation of their loan modification and thought that the discrepancy had been resolved until they were served with a Suit to Evict" filed by Defendant. Doc. 12 at 2.

Plaintiffs allege that Defendant ultimately foreclosed on their property in violation of the parties' agreement and state law. Doc. 12 at 2-3. Plaintiffs also contend that Defendant "wrongfully attempted to enter upon and dispossess Plaintiffs of their property in order to evict them during the process leading up to and when filing [Defendant's] Suit to Evict." Doc. 12 at 3. Plaintiffs asserted causes of action for (1) trespass to try title, (2) breach of contract; and (3) common law fraud, and they seek actual and exemplary damages and attorney's fees.[1] Doc. 12 at 3-5. District Judge Lindsay dismissed Plaintiffs' trespass to try title claim, Doc. 22 at 2, and Defendant now moves for summary judgment as to the remainder of Plaintiffs' claims. Doc. 24.

## B. APPLICABLE LAW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party moving for summary judgment has the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to

---

[1] Although Defendant indicates that Plaintiffs also raised a wrongful foreclosure claim, Doc. 25 at 9-11, the Court does not read the counseled complaint so liberally.

interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323.  Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotes omitted).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (citation omitted). Nevertheless, when ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Id.*

### C.  ARGUMENTS AND ANALYSIS[2]

*1.  Whether Plaintiffs' Breach of Contract Claim is Barred by the Statute of Frauds*

In denying Defendant's motion to dismiss Plaintiffs' breach of oral contract claim, the District Court determined that the Texas Business and Commerce Code's statute of frauds would not bar the claim unless Plaintiffs' loan agreement contained a merger clause which satisfied the requirements of Code section 26.02(e).  Doc. 22 at 3-4.  Because it was not clear from the face of the pleadings whether a compliant merger clause was included in Plaintiffs' loan agreement, the District Court rejected Defendant's statute of frauds argument.  Doc. 22 at 5.

---

[2] Defendant argues in its reply brief that Plaintiffs' response to its summary judgment motion is untimely and should not be considered by the Court.  Doc. 29 at 1.  The Court declines to adopt such a Draconian approach and instead *sua sponte* grants Plaintiffs' leave to file their reply out of time, thus making it timely filed.  Defendant further objects to certain statements in Plaintiff Adonis Robinson's affidavit.  Doc. 29 at 2-3.  The Court did not consider those statements in making a recommendation on Defendant's summary judgment motion.  Accordingly, Defendant's objections are moot.

Defendant now moves for summary judgment and has submitted in support a Loan Agreement Notice signed by Plaintiffs, which complies with section 26.02(e) by informing Plaintiffs that their loan agreement is subject to the statute of frauds. Doc. 26-1 at 18. Plaintiffs have not addressed Defendant's argument in this regard. As Defendant has submitted sufficient documentation to demonstrate compliance with section 26.02(e), and there was neither a written modification of the loan agreement nor a written agreement to modify the loan agreement, Plaintiffs' breach of oral contract claim is barred by the statute of frauds. Accordingly, Defendant is entitled to summary judgment on Plaintiffs' breach of contract claim.

2. *Whether Plaintiffs' Fraud Claim is Barred by the Statute of Frauds*

Defendant next asserts that Plaintiffs' fraud claim also is barred by the statute of frauds because the claim centers on whether Defendant had a duty to delay the foreclosure sale. Doc. 25 at 14 (citing *Salazar v. BAC Home Loans Servicing, LP*, No. 11-cv-1309-L, 2012 WL 995296, at *3 (N.D. Tex. 2012) (Lindsay, J.)) (holding that a plaintiff who "couches her claim as a cause of action for fraud does not shield it from the Statute of Frauds."). Plaintiffs, again, do not respond to this argument but merely recount the elements of a fraud claim. Doc. 28 at 5.

The Texas Business and Commerce Code has codified the statute of frauds as it applies to real estate transactions. TEX. BUS. & COM. CODE ANN. § 26.01(b)(4). Under section 26.01(b)(4), an agreement for the sale of real property must be in writing in order to be enforceable. *Id.* Texas courts have applied this provision to loan modifications to hold that an agreement that contemplates the modification and/or extension of a lien or mortgage must be in writing to be enforceable. *West v. First Baptist Church*, 71 S.W.2d 1090, 1100 (Tex. 1934); *Edward Scharf Assocs., Inc. v. Skiba*, 538 S.W.2d 501, 502 (Tex. App.--Waco 1979); *see also Ellen v. F.H. Partners, LLC*, No. 03-09-00310-CV, 2010 WL 4909973, at *5 (Tex. App.--Austin,

2010) (concluding that plaintiffs' claim, based on oral modification to a loan agreement and allegations that defendant told them it would not foreclose on the home until a later date, was barred by the statute of frauds).  Federal courts have followed suit. *Prendes v. Select Portfolio Servicing, Inc.*, 12-cv-337, 2012 WL 6913511, *4 (N.D. Tex. 2012) (Means, J.) (holding that a promissory estoppel claim based on an alleged oral promise made by a bank's employees that a loan modification would be granted was barred by the statute of frauds); *Ellis v. PNC Bank, N.A.*, 11-cv-3990, 2012 WL 2958266, *3 (S.D. Tex. 2012) ("When a modification relates to a matter that must be in writing, the modification must also be in writing."); *see also Montalvo v. Bank of Am. Corp.*, 864 F. Supp. 2d 567, 582 (W.D. Tex. 2012) ("both Texas state and federal courts have concluded that, generally, both the original loan and any alleged agreement to modify the original loan are governed by section 26.02 and must be in writing"); *Casey v. Fed. Home Loan Mortg. Ass'n*, No. H-11-3830, 2012 WL 1425138, *7 (S.D. Tex. 2012) ("An oral agreement to postpone foreclosure on [the plaintiffs'] home is an oral agreement to modify [the note and deed of trust]—delay repayment of the loan—and such an agreement is not valid, under Texas law, if it is not in writing.").

The fact that Plaintiffs couch their claim as a cause of action for fraud does not shield it from the statute of frauds. When a plaintiff brings a claim for fraud and attempts to rely upon an allegedly fraudulent oral promise to enforce a contract, the statute of frauds is a defense to that claim. *Leach v. Conoco, Inc.*, 892 S.W.2d 954, 960 (Tex.App.-- Houston [1st Dist.] 1995) (citations omitted).  To determine whether a plaintiff has raised a fraud claim in an attempt to circumvent the statute of frauds, Texas courts examine the nature of the injury alleged. *See Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986).  "When the injury is only the economic loss to the subject of the contract itself, the action sounds in contract alone. *Leach,*

5

892 S.W.2d at 960.  "In other words, a plaintiff's fraud cause of action is barred by the Statute of Frauds when he seeks to obtain the benefit of the bargain that he would have obtained had the promise been performed."  Id.

In Salazar, the plaintiff-borrower claimed the loan servicer told her "she need not worry about losing her home through foreclosure" and it was "unnecessary for her to make payments on the mortgage until after the loan modification was approved."  Salazar, 2012 WL 995296, at *1.  The loan servicer then foreclosed and the plaintiff filed suit, bringing causes of action including breach of contract and fraud based on the alleged misrepresentations.  Id.  The district court found that the statute of frauds barred the plaintiff's fraud claim because she was merely seeking to "obtain the benefit of the bargain that she would have obtained if the loan modification was processed and approved."  Id. at *4.

Similarly, Plaintiffs in this case base their fraud claim on the alleged representations that Defendant had offered them a loan modification, Defendant would not foreclose on the property while they were in loan modification status, Plaintiffs did not need to make payments on the note, and Plaintiffs should ignore any foreclosure notices they received.  Doc. 12 at 2, 4.  Just as in Salazar, had Plaintiffs' loan modification been processed and approved, they would have avoided foreclosure and been able to remain in their home.  Thus, Plaintiffs in essence seek to obtain the benefit of the bargain that they would have obtained if the loan modification was processed and approved.  Plaintiffs' fraud claim is therefore subject to and barred by the statute of frauds.  Accordingly, Defendant is entitled to summary judgment on this claim.

### D.  CONCLUSION

For the foregoing reasons, it is recommended that Defendant's *Motion for Summary Judgment*, Doc. 24, be **GRANTED,** and judgment be entered in Defendant's favor on Plaintiff's remaining claims.

**SO RECOMMENDED** on March 13, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE